# Wytheville.

## R. B. Gannaway v. Federal Land Bank, et als.

### June 16, 1927.

1. Bill in Equity—*Parties—Party Without Interest in the Subject Matter—Case at Bar.*—In the instant case, complainant, the owner of a farm, conveyed 71.7 acres of the farm to her brother. Subsequently she gave a deed of trust upon the whole farm. The deed to her brother was not recorded. Complainant asked that the deed of trust be struck from the record as having been improperly admitted to record, she never having acknowledged the same, and then amended by having the 71.7 acres struck therefrom. The bill was demurred to by the beneficiary and the trustee in the deed of trust.

   *Held:* That as complainant had conveyed the 71.7 acres of land to her brother and she had no manner of interest in it, the bill should have been dismissed on demurrer.

2. Deeds—*Title as Between Parties—Necessity of Acknowledgment—Case at Bar.*—In the instant case, complainant had conveyed a part of a farm to her brother. This deed was not recorded and subsequently complainant executed and delivered a deed of trust to the whole farm. When complainant executed and delivered the deed of trust she completely passed to the trustee her record title to the whole farm. No acknowledgment of this deed was necessary in order to convey the title. The deed operated as a conveyance without any acknowledgment. Code, section 5146. Acknowledgment is necessary for recordation, but not to pass title. Title passes by the execution and delivery of the deed.

3. Recording Acts—*Necessity for Recording—Purchase for Value and Without Notice.*—A prior unrecorded deed by the express terms of section 5194 of the Code of 1919, is void as to a subsequent deed of trust where neither the trustee nor the beneficiary had any notice of the existence of the prior deed and it is immaterial so far as the prior deed is concerned, whether the deed of trust was recorded or not, as the grantee in the prior deed was neither a creditor nor a subsequent purchaser.

4. Recording Acts—*Necessity for Recording—Prior Purchasers.*—It is not necessary to record a deed against a prior purchaser. The deed of such prior purchaser is void against a subsequent purchaser for

value, without notice, until and except from the time it is duly admitted to record. If neither deed were ever recorded, the subsequent deed would have priority.

Appeal from a decree of the Circuit Court of Buckingham county. Decree for named defendants. Complainant's grantee, another defendant, appeals.

*Affirmed.*

The opinion states the case.

*Hubard & Boatwright,* and *Wm. M. Justis, Jr.,* for the appellant.

*Claude R. Wood,* and *A. B. Dickinson,* for the appellee.

BURKS, J., delivered the opinion of the court.

Hattie N. Crute, a widow owning a tract of land in Buckingham county, called Edgewood, containing about 445.45 acres, by deed bearing date November 3, 1916, conveyed 71.7 acres of this tract to her brother, R. B. Gannaway. This deed was not admitted to record until April 2, 1925. In the year 1920, she made a deed of trust to secure to the Federal Land Bank of Baltimore a loan of $5,000, and in 1925 she executed a like deed to secure to the Merchants & Planters National Bank of Dillwyn, Virginia, a loan of $3,500. Each of these deeds conveyed the Edgewood farm, omitting the 71.7 acres which she had previously conveyed to her brother, the actual amount conveyed being 373¾ acres. On September 20, 1924, she executed a deed to C. R. Wood, trustee, to secure to the First National Bank of Dillwyn, Virginia, a loan of $4,800. This deed conveyed the whole of the Edge-

wood farm, including the 71.7 acres previously conveyed to her brother, and also another tract of 104 acres. No reference whatever is made to the prior deed to her brother. This deed to Wood, trustee, was signed and delivered by Mrs. Crute to the bank as security for its loan, but was never acknowledged. A few days after it was executed and delivered attention was called to the fact that the deed had not been acknowledged, but the son of Mrs. Crute, who negotiated the transaction, requested the notary, who was cashier of the bank, to certify the acknowledgment as if it had been duly acknowledged by his mother, saying that he knew she had executed the deed and that it was all right. Thereupon, the notary made the certificate, bearing date September 20, 1924, and upon this certificate the deed of trust was admitted to record.

This suit was brought by Mrs. Hattie N. Crute, most of the facts above mentioned being set forth in the bill, and she charges that the recordation of the deed to Wood, trustee, was void and a fraud upon the rights of her brother, R. B. Gannaway. She makes Wood, trustee, the First National Bank of Dillwyn, Gannaway and others parties defendant, and prays, amongst other things, "that the said deed of trust should be struck from the records as having been improperly admitted to record, she never having acknowledged the same, and then amended by having the 71.7 acres struck therefrom and then she is willing to acknowledge it in proper form, as she does not deny the debt, but merely says that there should be no sale of property not owned by her," etc.

The bill also contains certain allegations with reference to the rights of tenants to the crops growing on the land, but these allegations do not affect the question in controversy, and need not be further noticed.

A sale had been advertised under the deed of trust to Wood, trustee, and the bill asks to enjoin the sale on account of the rights of the tenants, etc., referred to, and also because the advertisement included the 71.7 acres which she had conveyed to her brother.

A preliminary injunction was granted, which was subsequently dissolved, and the bill dismissed at the cost of the complainant. From this decree Gannaway, the purchaser of the 71.7 acres, obtained this appeal.

The bill was demurred to by Wood, trustee, and the First National Bank of Dillwyn.

[1] It clearly appears from the foregoing statement that Mrs. Crute had conveyed the 71.7 acres of land to her brother, and that she had no manner of interest in it. The bill should, for that reason, have been dismissed on demurrer.

[2-4] When Mrs. Crute executed and delivered the deed to Wood, trustee, she completely passed to him her record title to the whole Edgewood farm, containing 445 acres. No acknowledgment of this deed was necessary in order to convey the title. The deed operated as a conveyance without any acknowledgment. Code, section 5146. Acknowledgment is necessary for recordation, but not to pass title. Title passes by the execution and delivery of the deed. The deed of 71.7 acres to Gannaway, by the express terms of section 5194 of the Code, was void as to this deed to Wood, trustee. Wood took title free of any claim of Gannaway to the 71.7 acres, as neither Wood nor the beneficiary in the deed had any notice of the existence of that deed. So far as the Gannaway tract was concerned, it is wholly immaterial whether the deed to Wood, trustee, was ever recorded or not. Gannaway was neither a subsequent purchaser to Wood, nor was he a creditor of Mrs. Crute. It is not

necessary to record a deed against a prior purchaser. The deed of such prior purchaser is void against a subsequent purchaser for value, without notice, until and except from the time it is duly admitted to record. If neither deed were ever recorded, the Wood deed would have priority. Code, section 5194. 2 Minor Real Prop., section 1407.

In view of what has been said, it is unnecessary to refer to the discussion, both orally and on briefs, as to the solemnity and effect of the acknowledgment of a deed.

The decree of the trial court is plainly right, and it is therefore affirmed.

*Affirmed.*